**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELLY MCGRATH, ) <br> ) <br> Plaintiff ) <br> ) **Case No.:** <br> v. ) <br> ) **COMPLAINT AND DEMAND FOR** <br> SYNCHRONY BANK f/k/a GE ) **JURY TRIAL** <br> CAPITAL RETAIL BANK, ) <br> ) <br> Defendant ) | |

## COMPLAINT

KELLY MCGRATH ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Scranton, Pennsylvania 18509.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 950 Forrer Boulevard, Kettering, Ohio 45420.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one (1) year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around early May 2015, and continuing through July 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis, calling on average three (3) to four (4) times a day.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

15. Defendant's automated messages identified "Care Credit" of Synchrony Bank, as the caller and stated, "This is Synchrony Bank calling for Kelly McGrath. We're calling about your account. Please call us back."

16. Defendant's telephone calls were not made for "emergency purposes."

17. In mid-May 2015, Plaintiff spoke with Defendant and revoked consent for any further communication to her cellular phone.

18. Defendant heard and acknowledged Plaintiff's revocation of consent, yet Defendant persisted in calling Plaintiff on her cellular telephone thereafter.

19. Plaintiff estimates that she has received one hundred (100) calls from Defendant since revoking consent.

20. Furthermore, Defendant, on occasion, would call Plaintiff back immediately after being hung up on for purposes which can be determined as to annoy and frustrate Plaintiff.

21. Most recently, Defendant called Plaintiff's cellular telephone number on July 15, 2015.

22. Upon information and belief, Defendant conducts its business in a

3

manner that violates the TCPA.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

## COUNT I

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, particularly in and after mid-May 2015 when Plaintiff revoked any previous consent given to call her cellular telephone.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KELLY MCGRATH, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KELLY MCGRATH, demands a jury trial in this case.

5

PLAINTIFF'S COMPLAINT

1                                        RESPECTFULLY SUBMITTED,

2    Date: 08-07-15                    By: */s/ Craig Thor Kimmel*____

3                                             CRAIG THOR KIMMEL
                                                Attorney ID No. 57100
                                                Kimmel & Silverman, P.C.
                                                30 E. Butler Pike
                                                Ambler, PA 19002
                                                Phone: (215) 540-8888
                                                Fax: (877) 788-2864
                                                Email: kimmel@creditlaw.com